# Exhibit 1

# COMMONWEALTH OF VIRGINIA



CHESTERFIELD COUNTY CIRCUIT CO
Civil Division
9500 COURTHOUSE ROAD
CHESTERFIELD VA 23832-0909

Summons

To: SURETY TRUSTEES LLC
SERVE: MARIA RAFFERTY
722 E MARKET STREET
SUITE 203
LEESBURG VA 20176

Case No. 041CL20001083-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, March 30, 2020

Clerk of Court: WENDY S HUGHES

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: MCLAUGHLIN, HENRY

**VIRGINIA:**

**IN THE CIRCUIT COURT OF CHESTERFIELD COUNTY**
9500 Courthouse Road
Chesterfield, Virginia 23832

**MINNIE M. DUKES,**

                              Plaintiff,

v.                                                       Case Number CL20_____

**HSBC BANK N.A. AS TRUSTEE ON BEHALF
OF ACE SECURITIES CORP. HOME EQUITY
LOAN TRUST AND FOR THE REGISTERED
HOLDERS OF ACE SECURITIES CORP. HOME
EQUITY LOAN TRUST 2007-D1 ASSET BACKED
PASS-THROUGH CERTIFICATES,**
Please Serve Any Officer
52 Fifth Avenue
New York, New York 10018

and

**SURETY TRUSTEES, LLC**
Please Serve:
Maria Rafferty
722 E. Market Street, Suite 203
Leesburg, Virginia 20176
Registered Agent,

                              Defendants.

**COMPLAINT**

Minnie M. Dukes ("Dukes"), by counsel, sets forth the following to the Court:

**Parties**

1. Dukes is a natural person who resides in the Commonwealth of Virginia.

2. HSBC Bank, N.A., as Trustee on Behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust 2007-D1 Asset-Backed Pass-Through Certificates ("HSBC") is a for-profit securitized

1

trust doing business in the Commonwealth of Virginia.

3. Surety Trustees, LLC ("Surety") is a for-profit Virginia corporation.

## Venue

4. Venue is proper in this Court because this complaint seeks rescission of a disputed Foreclosure which occurred in Chesterfield County, Virginia.

## Facts

### *Facts Applicable to Both Counts*

5. The land records of Chesterfield County, Virginia state that Dukes, on July 14, 2007, entered into a mortgage loan ("the loan") evidenced by note signed by Dukes, secured by a deed of trust ("deed of trust") recorded in the Clerk's Office of this Court ("the public land records") recorded in Deed Book 7987, beginning at Page 0262.

**Count One: Breach of "Applicable Law" Provision in the Deed of Trust; Seeking Rescission and Compensatory Damages**

6. The said deed of trust recorded in the public land records stated that any foreclosure based on such deed of trust was required to be according to "applicable law") defined to include, inter alia, any state or federal statute and therefore required compliant with the federal Fair Debt Collection Practices Act 15 U.S.C. Sections 1692-1692 ("Fair Debt Collection Act").

7. HSBC claimed to be holder of the note, based on a purported assignment of the note by Mortgage Electronic Registration Systems ("MERS")

8. HSBC executed a document which stated that it appointed Surety Trustees as substitute trustee on the deed of trust.

2

9. On October 31, 2017, McCabe Weisberg & Conway ("McCabe") mailed a debt validation notice ("the debt validation notice") pursuant to the Fair Debt Collection Act." McCabe was foreclosure

10. In the debt validation notice, McCabe acknowledged itself to be a debt collector, beginning the debt validation notice by stating, "McCabe, Weisberg & Conway is a debt collector."

11. In the said debt validation notice, McCabe gave Dukes a 30 day deadline from Dukes' receipt of the debt validation notice "to "Notice US IN WRITING" for verification of the debt and to "SEND A WRITTEN INQUIRY" within such 30 days to receive the name and address of the original creditor.

12. Within 30 days of receipt of the date MaCabe mailed the debt validation notice, and therefore within 30 days of Dukes's receipt of her receipt of such notice. Dukes mailed to McCabe a debt dispute ("the debt dispute').

13. McCabe received Dukes' debt dispute on December 5, 2017.

14. McCabe proceeded with a December 7, 2017 advertisement for foreclosure of the home prior to mailing to Dukes any response to the debt dispute.

15. By letter dated December 7, 2017, McCabe sent a letter to Dukes. That letter stated that McCabe had verified the debt and enclosed a copy of the note.

16. On January 2, 2018, an entity claiming to be the servicer for the loan sent a "substantive response" to the debt dispute.

17. On January 3, 2018, Surety Trustees (represented by McCabe), acting on its own and as

3

agent for HSBC, conducted a purported foreclosure of the home at which HSBC made the high bid at $73,000, less than the value of the home, which had been assessed for tax purposes at $78,600.

18. Surety Trustees, on its own and for HSBC, on January 31, 2018, executed and delivered to HSBC a purported trustee's deed, which HSBC presented to this Court's Clerk's Office, which had no alternative but to put the same to record, and did on January 31, 2018 in Deed Book 11885, beginning at Page 0023.

19. HSBC reported to credit bureaus that it had conducted a proper foreclosure of the home on January 3, 2018, which damaged Dukes' credit record, to her economic prejudice.

20. On March 8, 2018, HSBC filed an unlawful detainer summons against Dukes in the General District Court of Chesterfield County, Virginia in Case No. GV18004329-00

21. Dukes filed a motion to dismiss such unlawful detainer summons without prejudice for lack of subject matter jurisdiction pursuant to *Brian D. Parrish and Teresa D. Parrish v. Federal National Mortgage Association*, 292 Va 44; 787 S.E. 2d 116 (2016).

22. On May 1, 2018, the General District Court of Chesterfield County granted such motion and dismissed the said unlawful detainer summons without prejudice for lack of subject matter jurisdiction.23. On June 29, 2018, HSBC filed a complaint for unlawful detainer in this Court, seeking eviction of Dukes from the home. That case was assigned the number of CL18-2025-00.

23. Dukes filed an answer to such complaint.

24. HSBC filed a motion for summary judgment, which Dukes opposed.

25. HSBC's motion for summary judgment was heard by this Court on November 6, 2018.

4

26. On November 14, 2018, this Court issued a letter opinion denying HSBC's motion for summary judgment.

27. Case Number CL18-2025-00 remains pending in this Court.

28. In acting through Surety Trustees to conduct the purported foreclosure; in making the high bid at the purported foreclosure; in acting through Surety Trustees for execution and delivery of the purported trustee's deed; in accepting delivery of the purported trustee's deed; in causing the purported trustee's deed to be recorded in the public land records; in reporting to credit bureaus that it had caused a valid foreclosure; and in pursuing eviction litigation against Dukes, HSBC breached the provisions of the Fair Debt Collection Act incorporated into the deed of trust through its "applicable law" provisions.

29. As a result of such breaches by HSBC of the said provisions of the deed of trust, the purported foreclosure and the purported trustee's deed were void, alternatively voidable.

30. As a proximate result of the aforesaid breaches by HSBC of the said provisions of the deed of trust, Dukes sustained the following damages:

   A. She lost record title to the home.

   B. She lost the quiet enjoyment of the home.

   C. She lost equity in the home.

   D. Her credit record was damaged to her economic prejudice.

   E. She was required to pay a lawyer's fee of which a significant part was for defense against HSBC's eviction litigation.

F. She was required to go to the expense of travel to see her lawyer, in part for defense against the said eviction litigation, and to travel to court for defense against eviction litigation.

G. She lost the interest on her damages recited in subsections (C) (D) (E) and (F) of this paragraph of this complaint.

H. She was inconvenienced.

31. As a proximate result of the aforesaid breaches by HSBC of the said provisions of the deed of trust, for an indeterminate time in the future, Dukes will sustain the following damages:

A. She will continue to be without the record title to the home.

B. She will continue to lose the quiet enjoyment of the home.

C. She will continue to sustain damage to her credit record to her economic prejudice.

D. She will lose the interest on her damages recited in subparagraph (C) of this paragraph of this complaint.

E. She will continue to lose the interest on her damages recited in paragraph 28 (C) (D) (E) and (F) of this complaint.

F. She will continue to be inconvenienced.

32. As a result of the facts set forth herein above in this Count of this complaint, there are grounds for this Court to enter an order with the effect of rescission of the purported foreclosure and the purported trustee's deed with restoration of the status quo ante, with restoration of ownership of the home to Dukes, subject to the lien of the deed of trust.

33. As a result of the facts set forth in this Count of this complaint, Dukes is entitled to entry of a judgment in her favor against HSBC for compensatory damages.

**Count Two: Breach of Fiduciary Duty: Seeking Compensatory**

34. Dukes re-avers the facts set forth in Count One of this complaint, except for the averments as to remedy.

35. As substitute trustee, Surety was fiduciary for both HSBC and Dukes. *Smith v. Credico Indus. Loan Co.*, 234 Va. 514, 362 S,.E. 2d 735 (1987); *Powell v. Adams*, 179 Va. 170, 174, 18 S.E. 2d 261 (1942).

36. Surety had a fiduciary duty not to foreclose on the home because of lender non-compliance with the "applicable law" provision of the deed of trust for the reasons set forth in Count One of this complaint. See *Squire v. Va. Hous. Dev. Auth.*, 2014 Va. LEXIS 55 (2014).

37. In conducting the purported foreclosure and in executing and delivering to HSBC the purported trustee's deed, Surety breached the aforesaid fiduciary duty.

38. As a proximate result of Surety's breaches of the aforesaid fiduciary duties, Dukes sustained and will sustain the damages recited in paragraphs 30 and 31 of this complaint.

39. Because of the facts set forth in this Count of this complaint, Dukes is entitled to entry of a judgment in her favor against Surety for compensatory damages.

**Applicable to Count One**

40. Dukes cannot obtain an adequate remedy at law.

41. Va. Code Ann. § 55-153 provides as follows:

> When a bill in equity is filed to remove a cloud on the title to real estate relief shall not be denied the complainant because he has only an equitable title thereto and is out of possession, but the court shall grant to the complainant such relief as he would be entitled to if he held the legal title

7

and was in possession. If an issue of fact be raised which but for this section would entitle either party to a trial by jury, the court shall, upon the request of the party so entitled, order such issue to be tried by a jury at its bar and the verdict of the jury shall have the like effect as if it had been rendered in an action at law.

42. Although Dukes is not out of possession of the home, under the spirit of Va. Code Ann. § 55-153 he requests trial by jury as to Count One of this complaint. In the alternative she requests an issue out of chancery.

**Applicable to Count Two**

43. Dukes calls for trial by jury as to Count Two of this complaint.

**Conclusion**

WHEREFORE, Dukes prays that the Court (a) enter an order for rescission of the purported foreclosure and the purported trustee's deed, with restoration to her of ownership of the home, subject to the lien of the deed of trust; and/or (b) enter a judgment in her favor against HSBC and Surety for $200,000 compensatory damages.

Respectfully submitted,

MINNIE M. DUKES,

By_____
    Counsel

Henry W. McLaughlin (VSB No. 07105)
The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street, Suite 1050 Richmond, Virginia 23219
(804)205-9020; fax (877) 575-0245
henry@mclaughlinvalaw.com
*Counsel for Minnie M. Dukes*